MEMORANDUM **
Tyrone Jones, a California state prisoner, appeals pro se from the district court’s judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court’s application of substantive law de novo and its factual determinations for clear error, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and may affirm on any basis supported by the record, Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir.2001). We affirm in part, vacate in part, and remand.
*68 The district court properly dismissed the Eighth Amendment claim against defendant Murtaugh regarding sleep deprivation, the excessive force claim against defendants Davis and Cantu, and the deliberate indifference claim regarding access to prescription medication, because Jones did not complete the prison grievance process prior to filing suit. See Woodford v. Ngo, 548 U.S. 81, 93-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); see also McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (requiring inmates to exhaust administrative remedies prior to filing suit in federal court).
The district court properly dismissed Jones’s retaliation claim concerning his placement in administrative segregation, because his grievance did not indicate that he had been placed in administrative segregation for filing grievances. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir.2009) (affirming dismissal for failure to exhaust prison remedies where inmate’s grievance failed to “alert [ ] the prison to the nature of the wrong for which redress [was] sought.”).
However, we vacate the judgment dismissing Jones’s deliberate indifference claims regarding treatment of his bunions, hemorrhoids and skin condition. The district court determined that Jones’s grievances regarding his bunions, hemorrhoids and skin condition were infirm because they did not put prison staff on notice that Jones was suffering constitutional violations. In our recent decision Griffin v. Arpaio, 557 F.3d at 1120, we held that a prison grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought, and it need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. Because the district court did not have the benefit of Griffin when it made its ruling, we vacate the judgment in part and remand for reconsideration.
Contrary to Jones’s contentions, the district court did not abuse its discretion by denying Jones’s motions for entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986) (explaining the relevant factors that may be considered by courts in exercising discretion as to the entry of a default judgment).
Accordingly, the judgment is affirmed with respect to the Eighth Amendment claim against defendant Murtaugh regarding sleep deprivation, the excessive force claim against defendants Davis and Cantu, the deliberate indifference claim regarding access to prescription medication, and the retaliation claim concerning Jones’s placement in administrative segregation. The judgment is vacated with respect to the Eighth Amendment deliberate indifference claims regarding treatment of Jones’s bunions, hemorrhoids, and skin condition, and remanded.
Jones’s remaining contentions are unpersuasive and his request for appointment of counsel is denied. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (requiring “exceptional circumstances” for the appointment of counsel).
The parties shall bear their own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.